THE STATE OF OHIO, APPELLEE, *v.* PETTIT, APPELLANT.

[Cite as State v. Pettit, 20 Ohio App. 2d 170.]

(No. 186—Decided September 24, 1969.)

*Mr. John O. Crouse,* prosecuting attorney, for appellee.
*Mr. Laurence M. Kimble,* for appellant.

GRAY, P. J.   This cause is in this court on appeal from a judgment of conviction of carrying concealed weapons contrary to Section 2923.01, Revised Code.

Defendant was tried to the court without the intervention of a jury.   He was arrested on August 12, 1967, in Highland County, Ohio, upon a warrant in the hands of the Sheriff of Highland County, which was sent to him by the Sheriff of Adams County, Ohio.   The actual arrest was made by police of the city of Hillsboro, Highland County, outside the physical boundaries of the city of Hillsboro. The arresting officers were not in actual possession of the warrant for the arrest of defendant.

Defendant, feeling aggrieved by the result of his trial, filed his notice of appeal and assigned the following errors:

1. The court erred in admitting evidence obtained as a result of an illegal arrest and search.

2. The court erred in finding the defendant guilty in the absence of any criminal intent.

3. The court erred in finding the knife was concealed within the meaning of that word as it is used in Section 2923.01, Revised Code.

**4.** The court erred in finding that the knife in question was a dangerous weapon.

The search of the car which defendant was driving occurred at 9:30 p. m. and occurred within a very few minutes after defendant's automobile was stopped by the police. A .32 caliber revolver was found on the top of the "hump" containing the differential housing of the automobile defendant was driving. It was between the front and second seats of the station wagon, about two feet from defendant and to his rear. It was covered with a rag. On the left side of the front seat, in a sheath partly under the front seat, was a knife with a blade about six inches long.

There were two counts to the indictment. One, for carrying a concealed weapon, a gun; and the second count charged defendant with carrying a concealed weapon, a knife. The court found defendant not guilty on the first count and guilty on the second count.

The latest pronouncement on this subject was delivered by the United States Supreme Court in *Chimel* v. *California*, 395 U. S. 752, 23 L. Ed. 2d 685, 89 S. Ct. 2034:

"* * * When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape. Otherwise, the officer's safety might well be endangered, and the arrest itself frustrated. In addition, it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction. And the area into which an arrestee might reach in order to grab a weapon or evidentiary items must, of course, be governed by a like rule. A gun on a table or in a drawer in front of one who is arrested can be as dangerous to the arresting officer as one concealed in the clothing of the person arrested. There is ample justification, therefore, for a search of the arrestee's person and the area 'within his immediate control'—construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence."

Claim is made that the arresting officers did not have the warrant with them. That is true, but the warrant arrived a few minutes later and was then read to defendant. This was not error. Cf. *United States* v. *Burkhart*, 347 F. 2d 772, and *In re Kosopud*, 272 F. 330, 336.

The arrest and search met the minimum federal standards. In *United States* v. *Salliey*, 360 F. 2d 699, the court held that an "arrest by officers not in possession of outstanding warrant was legal." See Federal Rules of Criminal Procedure, Rule 4 (c) (3), Title 18, U. S. Code.

That assignment of error is overruled.

Defendant contends that the prosecution did not prove any criminal intent on the part of defendant.

In paragraph one of the syllabus of *State* v. *Huffman*, 131 Ohio St. 27, it is stated that "* * * if a statute defining an offense is silent on the question of intent, it is not necessary to allege and prove an intent to commit the offense."

Section 2923.01, Revised Code, defines the offense of carrying a concealed weapon as follows:

"No person shall carry a pistol, bowie knife, dirk, or other dangerous weapon concealed on or *about* his person, * * *" (Emphasis added.)

In *Porello* v. *State*, 121 Ohio St. 280, in the third and fourth paragraphs of the syllabus, it is said:

"3. The words 'concealed on or about his person' in Section 12819, General Code, mean concealed in such proximity to the person as to be convenient of access and within immediate physical reach.

"4. A firearm is concealed about the person of the driver of an automobile when he carries it in the pocket of the automobile door in his immediate proximity."

Having established that the knife was about the person of defendant, let us now determine whether the knife was concealed.

It was 9:30 p. m. when the arrest was made. It was dark. The weapon could not be seen because of darkness. *State* v. *Renard* (Mo.), 273 S. W. 1058; *State* v. *Bordeaux* (Mo.), 337 S. W. 2d 47.

We think that a recognized test is that a weapon is

concealed if it is so situated as not to be discernible by ordinary observation by those near enough to see it if it were not concealed, who would come into contact with the possessor in the usual associations of life; but that absolute invisibility is not required, since ordinary observation does not extend to a search unusually careful, thorough or detailed, made because of suspicion that contraband which is not visible by ordinary observation may in actuality be present. *Shipley* v. *State*, 243 Md. 262, 220 A. 2d 585.

Where the evidence is conflicting as to whether the knife was concealed it has been held to be a question for the jury. The court was also the jury in this case.

The defendant has the burden of justifying carrying the weapon. *Porello* v. *State*, 121 Ohio St. 280, 290.

The trial court sitting as judge and jury found defendant guilty of the offense as charged in the second count. If there is any substantial evidence to support the decision of the trial court we must affirm. *In re Tilton*, 161 Ohio St. 571, 577. We cannot substitute our judgment for that of the trial court. *Trickey* v. *Trickey*, 158 Ohio St. 9, 14. We specifically find that there was substantial evidence to support the judgment of the trial court in the determination that defendant was guilty of the offense charged in the second count of the indictment. Therefore, the judgment is affirmed.

*Judgment affirmed.*

ABELE, J., concurs.
STEPHENSON, J., concurs in the judgment.