THE STATE OF OHIO, APPELLEE, *v.* COKER, APPELLANT.

(No. 11343—Decided March 1, 1984.)

*Mr. Lynn Slaby,* prosecuting attorney, for appellee.

*Mr. Vincent J. Alfera,* for appellant.

GEORGE, J. In the early morning hours of May 19, 1983, Akron police officers Albert Stump and Kenneth Clark observed a small yellow automobile without headlights and with its trunk lid propped open, make an irregular left turn while travelling at a high rate of speed. The officers stopped the car; Kelly Davis, later identified as Franklin Deem, was the driver and James Coker, appellant herein, the passenger. Officer Clark approached the automobile from the passenger side and noticed Coker leaning over toward the middle of the car with his hands down beside the seat. The officer instructed Deem and Coker to get out of the car. When they got out of the car, Clark observed a sawed-off shotgun lying next to the passenger's seat. The shotgun was located between the passenger's seat and the transmission hump, with the butt of the gun protruding above the seat. Both men were handcuffed and the car was searched. A search of the vehicle disclosed a hammer and socket set on the floor of the car in front of the driver's seat; a wall clock and two matching wall candle holders; two stereo sets and two speakers in the back seat; and a floor model television in the trunk. These items were subsequently identified by a burglary victim as having been taken from her home the evening of May 18, 1983. A search of Deem's pockets produced two rifle slugs and an examination of the shotgun revealed that it had three live rounds.

Coker was tried by a jury on the charges of aggravated burglary, the lesser included offense of burglary, grand theft and carrying a concealed weapon. The jury returned verdicts of

guilty on the charges of grand theft and carrying a concealed weapon. Coker was sentenced to two years' imprisonment on each conviction with the sentences to run consecutively.

### Assignment of Error I

"The trial court erred in regard to the carrying concealed weapon charge in overruling appellant's motions for acquittal under Criminal Rule 29 made both at the end of the state's case and after verdict, for the reason that the essential element of concealment was not proved beyond a reasonable doubt."

This error raises the question of whether a weapon, which is in plain view for the purpose of executing a search of a motor vehicle, may be concealed as contemplated by the prohibition of R.C. 2923.12(A). This court holds that it may.

R.C. 2923.12(A) provides:

"No person shall knowingly carry or have, * * * concealed ready at hand, any deadly weapon or dangerous ordnance."

The facts presented at trial revealed that Officer Clark observed the sawed-off shotgun only after Coker exited the vehicle, although the butt of the gun was plainly visible. There was no evidence that the sawed-off shotgun was covered with anything. However, the lack of evidence that the shotgun was covered is not necessarily dispositive of the lack of the element of concealment as contemplated within the statute. The shotgun may be so positioned in an automobile so that it is concealed from ordinary view of a person in a position to see it if it were not otherwise concealed and thus within the prohibition of R.C. 2923.12(A).

It is not necessary to prove that the shotgun was carried in such manner or in such location as to give absolutely no notice of its presence under any kind of observation. Rather, it is sufficient to support a conviction of carrying a concealed weapon to prove only that ordinary observation would give no notice of its presence. This is a question of fact to be resolved by the trier of fact. There must be an evidentiary basis established by the proof upon which the jury could find that the weapon was concealed. Here, the evidence established that the weapon (a sawed-off shotgun) was illegal; that it was being carried in an automobile; that it was placed between the front bucket seats next to Coker; that both seats were occupied; that the time of day was 2:25 a.m. and it was still dark; that the butt was protruding above the "hump" between the front seats; and that the shotgun was indiscernible to the officer until he had Coker exit the vehicle. From these facts, the jury could conclude that the shotgun was not discernible by ordinary observation and was thus concealed. In *State* v. *Jackson* (November 29, 1978), Summit App. No. 8930, unreported, this court adopted the rationale set forth in *State* v. *Pettit* (1969), 20 Ohio App. 2d 170 [49 O.O.2d 200], that a weapon need not be totally hidden from observation in order to render it concealed within the meaning of the statute.

Crim. R. 29(A) provides that an accused shall be acquitted where the "evidence is insufficient to sustain a conviction of such offense." The facts, as stated above, provide sufficient evidence upon which the jury could conclude that Coker was guilty of the offense of carrying a concealed weapon. The law, as laid down in *State* v. *Swiger* (1966), 5 Ohio St. 2d 151, was reaffirmed in the case of *State* v. *Bridgeman* (1978), 55 Ohio St. 2d 261 [9 O.O.3d 401], holding in the syllabus:

"Pursuant to Crim. R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."

So that whether or not the shotgun

was concealed was a question of fact for determination by the jury since reasonable minds could reach different conclusions. Therefore, the trial court properly denied both motions for acquittal. *State* v. *Bridgeman, supra.*

### Assignment of Error II

"The trial court erred in regard to the grand theft charge in overruling appellant's motion for acquittal for the reason that there is insufficient evidence to prove that appellant obtained or exerted control over the property."

Coker argues that there was insufficient evidence to prove that he knowingly obtained or exerted control over the stolen property, *i.e.,* the floor model television set, a wall clock, two wall candle holders and two stereo units. Coker was acquitted of both aggravated burglary and burglary of the house from which the property was stolen.

Coker occupied the passenger seat in an automobile which had the stolen items in it. Included were several large items in the back seat (the two stereo units and speakers) along with one large item in the trunk (the floor model television set which could not be carried by a single person and which prohibited the closure of the trunk lid). This was within hours after these items were taken in a burglary. Coker accompanied Davis as he sped through town without his headlights on in the early morning hours following the burglary. Under such circumstances Coker could hardly be considered by the trier of fact to have been unaware of the presence of the stolen property or Deem's attempt to avoid detection.

Further, Coker agreed to take a polygraph examination, the results of which were placed into evidence. The examiner testified that in his opinion Coker gave deceptive negative responses to questions 3, 5, 8, and 9.

"3. On May 18th or 19th, were you at the 574 Elbon Avenue when that house was broken into?

"5. On May 18th or 19th at 574 Elbon Avenue did you break into that house?

"8. On May 18th or 19th at 574 Elbon Avenue, did you help carry any stolen articles out of that house?

"9. On May the 19th before you were arrested, did you know that shotgun was in front in Deem's car?"

Coker also answered question 12 with a "no" response:

"12. On May 19th before you were arrested, did you put that shotgun in front of Deem's car?"

However, the examiner testified that in his opinion Coker was truthful when he answered question 12. The examiner opined that Coker had not put the shotgun in Deem's car.

The polygraph evidence was properly admitted under the guidelines established by the Ohio Supreme Court in *State* v. *Souel* (1978), 53 Ohio St. 2d 123 [7 O.O.3d 207]. Such evidence may be considered by the trier of fact for purposes of corroboration or impeachment. Here, the state offered this evidence to corroborate Coker's involvement in the aggravated burglary and the grand theft. Coker's involvement was shown by his presence in Deem's automobile while the stolen items were being transported in a surreptitious manner. There was no evidence which explained the presence of the stolen property and this lack "may give rise to a permissive inference from which a jury may conclude, beyond a reasonable doubt, that the accused is guilty of the theft." *State* v. *McAllister* (1977), 53 Ohio App. 2d 176 [7 O.O.3d 247], paragraph three of the syllabus.

Thus, the jury was presented with sufficient evidence from which reasonable minds could differ as to whether Coker was guilty of the grand theft or whether he acted as an aider or

abettor to Deem. The motion for acquittal was properly denied. *Bridgeman, supra.*

### Assignment of Error III

"The judgment is against the weight of the evidence."

Coker argues that there is a great deal more evidence supporting a judgment of acquittal than there is to support a judgment of conviction. There was substantial credible evidence upon which the jury could reasonably conclude beyond a reasonable doubt that Coker was guilty of the offenses of carrying a concealed weapon and grand theft. *State* v. *Eley* (1978), 56 Ohio St. 2d 169 [10 O.O.3d 340]. Although the defense presented four alibi witnesses, questions of weight and credibility lie exclusively within the province of the trier of fact. A reviewing court will not interfere in such determinations. Accordingly, this assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., concurs.

MAHONEY, J., concurs in judgment only.

MAHONEY, J., concurring. I have great difficulty in believing that an object may be concealed and in plain view at the same time. I can readily believe, however, that a concealed object can come into plain view by a change of position of a person or another object. Conversely, the positioning of a body or other object may be used to conceal an object from the view of a person who would be in a position to see it if it were not otherwise concealed. Here the butt of the shotgun came into view when the defendant exited the car.

Additionally, I would like to point out that to "knowingly have, acquire, carry or use a sawed-off shotgun" is contraband *per se* by virtue of R.C. 2923.17, and a felony of the fourth degree.