Appellant, Michael Haynes, appeals from the judgment of the Hamilton County Court of Common Pleas in which he was convicted, following a jury trial, of aggravated trafficking in cocaine,[1] carrying a concealed weapon[2] and possession of criminal tools.[3] Haynes advances seven assignments of error in support of these timely appeals.[4] Because we find none of the assignments to have merit, we affirm the trial court's judgment.
In his first assignment of error, Haynes urges that the lower court erred by overruling his motion for a new trial based upon newly discovered evidence. The assignment is unpersuasive.
The record discloses that Maurice Clayborne testified as a witness for Haynes. Clayborne identified himself as Haynes's brother, and he claimed that he was with Haynes immediately prior to his arrest on the instant charges. According to Clayborne, when he observed Officer Corlett approaching, he dropped some items and ran away, while Haynes ran in another direction. Clayborne invoked the Fifth Amendment when he was asked if the items he dropped consisted of the cocaine and digital scale for which Haynes was indicted. According to Clayborne: "That's [the cocaine and scale] not his. And at the same time I'm not going to sit up here and incriminate myself."
On August 22, 1997, Haynes filed his motion for a new trial, based upon newly discovered evidence. The motion was supported by Clayborne's affidavit in which he averred, inter alia, that he dropped the bag of cocaine and the scale when he observed the police officer approach Haynes and him. Following a hearing, the lower court denied the motion for a new trial.
Crim.R. 33 permits one convicted of a criminal offense to petition the trial court for a new trial based upon newly discovered evidence. But to warrant the granting of a motion for a new trial in a criminal case based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.[5] Whether to grant the motion is committed to the sound discretion of the court.[6]
We can not say that the trial court's denial of the motion reflected an unreasonable, arbitrary or unconscionable attitude.[7] The record demonstrates that the "evidence" that Haynes deems newly discovered could have been, and most likely was, discovered prior to trial. Further, such "evidence" was not of the nature contemplated by the spirit and intent of Crim.R. 33, as it merely tended to contradict evidence that had been introduced at trial. Accordingly, the first assignment of error is overruled.
In his second assignment of error, Haynes maintains that his conviction for carrying a concealed weapon was against the manifest weight of the evidence. We disagree. To reverse a trial court's decision on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the jury clearly lost its way and created a manifest miscarriage of justice.[8]
In the case at bar, the jury's verdict was in accordance with the evidence. Officer Corlett testified that he had received a radio call reporting that two men were fighting, and that he observed Haynes and another man standing in the dark on the porch of an apartment building. Because Haynes was breathing heavily, Corlett used his flashlight to illuminate the area where Haynes was standing. When the flashlight illuminated a shiny object that Haynes was concealing behind his left arm, Corlett suspected that it was a knife, and he ordered Haynes to drop it.
Haynes's argument on appeal focuses upon the state's proof of the element of concealment. In this regard, a weapon need not be invisible to be concealed, and the circumstances presented in the instant case raised a question of fact to be determined by the trier of fact. We find the following language fromState v. Coker to be instructive:
 It is not necessary to prove that the [weapon] was carried in such manner or in such location as to give absolutely no notice of its presence under any kind of observation. Rather, it is sufficient to support a conviction of carrying a concealed weapon to prove only that ordinary observation would give no notice of its presence. This is a question of fact to be resolved by the trier of fact. There must be an evidentiary basis established by the proof upon which the jury could find that the weapon was concealed.[9]
It is beyond cavil that the weight to be given the evidence and the credibility of the witnesses are matters within the prerogative of the fact finder.[10] From our review of the record, we conclude that the jury could have found the element of concealment from the evidence showing that Haynes held the knife behind his arm so as to prevent the officer from ascertaining the presence of the object prior to the time that the officer shined his flashlight toward him. Thus, we cannot say that the jury, in resolving the conflicts in the evidence, lost its way and created a manifest miscarriage of justice. The second assignment of error is therefore overruled.
In his third assignment of error, Haynes complains that the lower court erred by denying his motion for a transcript of the hearing on his motion to suppress evidence. Haynes maintains in support of this assignment that the lower court's ruling deprived him of the ability to effectively cross-examine and impeach the two police officers who testified for the state, Officers Corlett and Haas.
We find no error in the trial court's denial of the request. The record demonstrates that Haynes did not make his request until after Officer Corlett had testified and immediately before Officer Haas was to take the stand in the state's case-in-chief. The suppression hearing, however, had been held forty-eight hours before Officer Haas testified at trial.[11] In denying the motion, the lower court observed that Haynes could have requested the transcript the previous day instead of waiting until the trial was in progress to make his request. We hold that the trial court did not abuse its discretion in denying Haynes's motion, given the untimeliness of the request.
Moreover, Haynes has demonstrated no prejudice occasioned by the denial of the transcript. The record indicates that there were no substantial changes in the officers' testimony and that defense counsel was able to effectively cross-examine the officers as to any minor discrepancies without the aid of the transcript. For the foregoing reasons, we hold that the lower court did not abuse its discretion by denying Haynes's motion for a copy of the transcript of the hearing on his motion to suppress, and the third assignment of error is therefore overruled.
In his fourth assignment of error, Haynes contends that his conviction for aggravated trafficking is against the manifest weight of the evidence. We do not agree.
In support of this assignment, Haynes cites Officer Corlett's inability to recall precisely the events surrounding his arrest and the recovery of the contraband from his person. This assignment fails for the reasons we expressed in our disposition of the second assignment of error. The fact that there may have been conflicting evidence as to certain circumstances surrounding the offense does not render the jury's verdict invalid. The fourth assignment of error is overruled.
In his fifth assignment of error, Haynes asserts that the lower court abused its discretion by appointing trial counsel for him instead of granting his motion for a continuance to retain counsel. The assignment is without merit.
A trial court has broad discretion when determining whether to grant or deny a motion for a continuance.[12] In the instant case, Haynes had caused delay in the proceedings by absconding for more than two years. Further, he had been granted numerous continuances to allow for the appointment or retention of new counsel.
In denying the motion, the lower court recounted that Haynes had absconded in August 1994 and was not apprehended until February 1997. Because prior counsel was no longer involved in the case after Haynes absconded, the lower court appointed new counsel, Daniel James, upon his re-arrest. But Mr. James was permitted to withdraw because of irreconcilable differences with Haynes. Next, the lower court appointed Lucian Bernard as trial counsel. Mr. Bernard was permitted to withdraw after several days because Haynes's family retained Peter Rosenwald. But Mr. Rosenwald was permitted to withdraw due to irreconcilable differences with Haynes. Thereafter, the lower court appointed William Welsh as trial counsel. After one month, Mr. Welsh was permitted to withdraw due to irreconcilable differences with Haynes, and the lower court appointed Haynes's last trial counsel, his sixth attorney during the period from February 4, 1997, to July 23, 1998.
Under these circumstances, the trial court could have reasonably concluded that the request for yet another attorney was made for the purpose of delay and that Haynes did not intend in good faith to cooperate with any counsel that might have been appointed or retained. The denial of Haynes's motion for a continuance, made on the eve of trial, does not reflect an unreasonable, arbitrary or unconscionable attitude on the part of the trial court.[13] The fifth assignment of error is overruled.
In his sixth assignment of error, Haynes argues that the warrantless search of his person that yielded the contraband underlying the charges against him was not supported by probable cause. The assignment is meritless.
The record demonstrates that the search of Haynes's person was conducted incident to his lawful arrest.[14] As described above, Officer Corlett discovered that Haynes was concealing a butcher knife behind his left arm. Instead of dropping the knife as Corlett ordered, Haynes gripped the knife and moved toward the officer. Not until after Officer Corlett cocked his handgun and again ordered him to drop the knife did Haynes comply, and he then turned and ran. Thereafter, Haynes was apprehended during a struggle that lasted several minutes and involved both Officer Corlett and Officer Haas. It is beyond dispute that the officers had probable cause to arrest Haynes and that the contraband was found incident to that arrest.[15] The sixth assignment of error is hereby overruled.
In his seventh and final assignment of error, Haynes contends that the he was denied the effective assistance of trial counsel because counsel had only one week to prepare for trial. The assignment fails because Haynes has failed to point to anything specific in the record to indicate that trial counsel breached an essential duty of representation or that Haynes suffered any prejudice as a result of counsel's performance at trial.[16] Accordingly, the seventh assignment of error is overruled, and the judgment of the court of common pleas is affirmed.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
HILDEBRANDT, P.J., GORMAN and M.B. BETTMAN, JJ.
To the Clerk:
Enter upon the Journal of the Court on January 15, 1999 per order of the Court ____________________. Presiding Judge
[1] Appellant was convicted of possessing cocaine in an amount equal to or exceeding the bulk amount, but less than three times that amount, in violation of R.C. 2925.03(A)(6).
[2] R.C. 2923.12.
[3] R.C. 2923.24.
[4] While appeal number C-970809 is from the denial of Haynes's motion to be sentenced pursuant to the provisions set forth in Am.Sub.S.B. No. 2, neither party has briefed that issue. Appeal number C-970821 is from the judgment of conviction
[5] State v. Petro (1947), 148 Ohio St. 505, 76 N.E.2d 370, syllabus.
[6] State v. Williams (1975), 43 Ohio St.2d 88, 330 N.E.2d 891, paragraph two of the syllabus.
[7] State v. Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144,149.
[8] State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541, 546.
[9] State v. Coker (1984), 15 Ohio App.3d 97, 98, 472 N.E.2d 747,749.
[10] State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
[11] Additionally, Officer Haas was called as a witness for Haynes during the suppression hearing.
[12] State v. Unger (1981), 67 Ohio St.2d 65, 67, 423 N.E.2d 1078,1080.
[13] State v. Adams, supra.
[14] State v. Brown (1992), 63 Ohio St.3d 349, 588 N.E.2d 113, certiorari denied (1992), 506 U.S. 862, 113 S.Ct. 182.
[15] Haynes also suggests that the officer's initial approach was invalid as lacking probable cause. We are not persuaded by this argument. The officer did not need probable cause or reasonable suspicion to approach Haynes and engage him in conversation because, at that point, there had been no restraint of Haynes's liberty. See State v. Williams (1990), 51 Ohio St.3d 58, 61,554 N.E.2d 108, 111, rehearing denied (1990), 52 Ohio St.3d 704, 556 N.E.2d 530, certiorari denied (1990), 498 U.S. 961,111 S.Ct. 394.
[16] See Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052.