{¶ 1} In this delayed appeal, defendant Darius Willis appeals from his *Page 3 
conviction for carrying a concealed weapon. For the reasons set forth below, we affirm.
 {¶ 2} On November 30, 2006, defendant was indicted for carrying a concealed weapon. He pled not guilty and the matter proceeded to a bench trial on September 11, 2007.
 {¶ 3} The state presented the testimony of Cleveland Police Officers Todd Kilbane and Michael Legg, and Det. Stephen McGraw.
 {¶ 4} Officers Kilbane and Legg established that, on the night of November 18, 2006, they responded to a call concerning a large fight at the Y.M.C.A. at East 110th Street and St. Clair Avenue. Upon arriving at this location, the officers heard a gunshot. They proceeded to the rear of the building. They saw hundreds of people running and were informed that a Ford Expedition was involved in the incident.
 {¶ 5} Other officers arrived on the scene and approached an Expedition with their weapons drawn. According to Officer Kilbane, the driver started the car. He was then surrounded by the officers and turned off the engine. The officers then began removing the occupants from the car. As this proceeded, Officer Kilbane observed a gun under defendant's feet. The gun contained one spent round and five live rounds.
 {¶ 6} According to Officer Kilbane, the police advised the individuals who had been in the car of their rights, and asked them for their name and social security number. All of the individuals, other than defendant, were compliant in providing this information. Kilbane stated that defendant "refused to answer any questions and he *Page 4 
was just belligerent."
 {¶ 7} Det. McGraw testified about his involvement in the matter in a narrative fashion and stated that the following day, he read the occupants of the car their rights but they did not want to make statements.
 {¶ 8} Defendant was subsequently convicted of the charge and was sentenced to six months of incarceration (to run concurrently with an unrelated matter) plus three years of post-release control. He now appeals and assigns three errors for our review.
 {¶ 9} Defendant's first assignment of error states:
 {¶ 10} "Darius Willis was deprived of his constitutional right not to incriminate himself when the state admitted testimony of his refusal to speak with police."
 {¶ 11} In Miranda v. Arizona (1966), 384 U.S. 436, 16 L.Ed.2d 694,86 S.Ct. 1602, the United States Supreme Court held that an individual must be advised of his or her constitutional rights when law enforcement officers initiate questioning after that person has been taken into custody or otherwise deprived of his or her freedom in any significant way. Any statement given under custodial police interrogation, without the Miranda warnings first being given, may later be excluded from use by the State in any resulting criminal prosecution. Id. The individual must be informed that he has the right to remain silent, any statement he makes may be used as evidence against him, and he has the right to the presence of an attorney. Id. Statements resulting from custodial interrogations are admissible only after a showing that law enforcement officers have followed certain procedural safeguards. *Page 5 
Id.
 {¶ 12} The warnings set forth in Miranda are only required when the individual is subject to a "custodial interrogation." California v.Beheler (1983), 463 U.S. 1121, 1122, 103 S.Ct. 3517, 77 L.Ed.2d 1275. A custodial interrogation is defined as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way."Miranda v. Arizona, supra.
 {¶ 13} The general rule is that a defendant's post-arrest silence cannot be used against him. Doyle v. Ohio (1976), 426 U.S. 610,49 L.Ed.2d 91, 96 S.Ct. 2240. This is because "post-arrest silence is inherently ambiguous since the silence may reflect only the defendant's exercise of his constitutional right to remain silent. * * * Any comment which infers that the defendant is guilty because he remained silent subverts the guarantees afforded him by the Fifth Amendment of the Constitution of the United States." State v. Williams (1979),64 Ohio App.2d 271, 276, 413 N.E.2d 1212.
 {¶ 14} Further, the Ohio Supreme Court has held that allowing the use of pre-arrest silence, evidenced by the pre-arrest invocation of the right to counsel, as substantive evidence of guilt in the state's case-in-chief undermines the protections the Fifth Amendment was designed to provide. State v. Leach, 102 Ohio St.3d 135, 2004-Ohio-2147,807 N.E.2d 335.
 {¶ 15} Finally, in a bench trial, the court is presumed to have considered only the relevant, material, and competent evidence.State v. Post (1987), *Page 6 32 Ohio St.3d 380, 384, 513 N.E.2d 754, 759.
 {¶ 16} In this matter, there are two areas of concern: Officer Kilbane's testimony as to defendant's pre-arrest silence (in the form of lack of cooperation and belligerence); and Det. McGraw's narrative, which included a remark concerning defendant's post arrest silence. This renders the instant matter somewhat distinguishable from instances where the officer makes a single comment as to the suspect's silence and there is no suggestion that the jury could infer guilt from such. State v.King, Lake App. No. 2003-L-177, 2005-Ohio-4656 (harmless error where the point was not belabored); State v. Fitzgerald, Lake App. No. 2003-L-084,2004-Ohio-6173 (the comment created no necessary inference of guilt and the point was not belabored). However, because the matter was tried to the court and not a jury, we may presume that this improper evidence did not infect the judge's decision-making.
 {¶ 17} We therefore reject this assignment of error.
 {¶ 18} Defendant's second assignment of error states:
 {¶ 19} "Darius Willis has been deprived of his liberty without due process of law by his conviction for carrying a concealed weapon, because there was not sufficient evidence at trial to prove his guilt beyond a reasonable doubt."
 {¶ 20} Within this assignment of error, defendant complains that the weapon was not concealed.
 {¶ 21} "`Sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is *Page 7 
legally sufficient to support the jury verdict as a matter of law."State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541. An appellate court's function, when reviewing the sufficiency of the evidence to support a criminal conviction, is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id.
 {¶ 22} The elements of carrying a concealed weapon are that a person (1) knowingly, (2) carried or had concealed, (3) on his person or ready at hand, (4) a deadly weapon or dangerous ordnance. R.C. 2923.12.
 {¶ 23} A weapon need not be completely invisible to be concealed for purposes of R.C. 2923.12. State v. Almalik ( 1987), 41 Ohio App.3d 101,534 N.E.2d 898; State v. Coker (1984), 15 Ohio App.3d 97,472 N.E.2d 747. "It is not necessary to prove that the shotgun was carried in such manner or in such location as to give absolutely no notice of its presence under any kind of observation. Rather, it is sufficient to support a conviction of carrying a concealed weapon to prove only that ordinary observation would give no notice of its presence. This is a question of fact to be resolved by the trier of fact. There must be an evidentiary basis established by the proof upon which the jury could find that the weapon was concealed. "State v. Co/cer (1984),15 Ohio App.3d 97, 472 N.E.2d 747. See, also, State v. Pettit (1969),20 Ohio App.2d 170, 173, 252 N.E.2d 325 ("* * * a weapon is concealed if it is so *Page 8 
situated as not to be discernible by ordinary observation by those near enough to see it if it were not concealed.") In State v. Graham (Feb. 10, 1998), Franklin App. No. 97APA04-541, the court undertook a review of carrying concealed weapon cases and concluded that, in general, concealment is established where:
 {¶ 24} "1) the weapon in question was either not visible from outside the vehicle, or was not visible until some other object was moved; and/or, 2) the party who observed the weapon could not concretely identify it as such upon first sight.
 {¶ 25} Accord State v. Lott (Oct. 24, 1990), Summit App. No. 14573 (concealment was established where the police officer who found the gun testified that he did not see it right away upon approaching the van, and that he had to look around for approximately ten to fifteen seconds and move other items on the floor to find the weapon); State v.Broadus (Dec. 17, 1987), Cuyahoga App. No. 53139 (the weapons were concealed where they were located on the floor of the car, were not observed by the arresting officers until the six occupants of the back seat exited the vehicle); State v. Bowman (1992), 79 Ohio App.3d 407,607 N.E.2d 516 (the element of concealment to be established by evidence which included the police officer's testimony that the gun was indiscernible to him until after the defendant exited the vehicle).
 {¶ 26} In this matter, Officer Kilbane testified that, as the police began to remove occupants from the car, he observed that defendant "had his feet covering a gun; his right foot covering a gun." The evidence therefore indicated that it was not *Page 9 
immediately visible at first sight, was not visible until the occupants were removed from the vehicle and it was under defendant's foot. From this evidence, we conclude that reasonable minds could reach different conclusions as to whether the gun was indiscernible by ordinary observation and was thus concealed. This assignment of error is therefore without merit.
 {¶ 27} Defendant's third assignment of error states:
 {¶ 28} "Darius Willis was deprived of his constitutional right to effective assistance of counsel by trial counsel's failure to act zealously on behalf of Mr. Willis."
 {¶ 29} In order to substantiate a claim of ineffective assistance of counsel, an appellant must demonstrate that 1) the performance of defense counsel was seriously flawed and deficient, and 2) the result of appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v.Washington (1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052;State v. Brooks (1986), 25 Ohio St.3d 144, 495 N.E.2d 407.
 {¶ 30} Defendant contends that his trial counsel was ineffective for permitting Officer Kilbane to testify regarding defendant's post-arrest silence. As we have determined that this testimony was not prejudicial, we find no trial error. The claim of ineffective assistance must therefore fail. See State v. Henderson (1988), 39 Ohio St.3d 24, 33,528 N.E.2d 1237.
 {¶ 31} This assignment of error is without merit.
 Affirmed. *Page 10 
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, A.J., and MELODY J. STEWART, J., CONCUR *Page 1