[Cite as *State v. Gamble*, 2021-Ohio-4089.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 20AP-378 |
| v. | : | (C.P.C. No. 17CR-6373) |
| Mahim O. Gamble, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 18, 2021

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Mark R. Wilson*, for appellee. **Argued:** *Mark R. Wilson*.

**On brief:** *Yeura Venters*, Public Defender, and *Timothy E. Pierce*, for appellant. **Argued:** *Timothy E. Pierce*.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Mahim O. Gamble, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas pursuant to a jury verdict finding him guilty of carrying a concealed weapon. For the following reasons, we affirm.

{¶ 2} At approximately 7:30 p.m. on September 16, 2017, Columbus Police Officer Shawn Weeks and his patrol partner, Aaron McDonald, were dispatched to a residence pursuant to a disturbance call involving repossession of a motor vehicle. Upon arrival, the officers observed appellant standing in the front yard of the residence, approximately 75 feet from the "repo crew." (Oct. 23, 2018 Tr. at 104, 105.) The "repo crew" reported that appellant "had a gun on him." *Id.* at 105. Officer McDonald stayed with the "repo crew" while Officer Weeks approached appellant. Because he "couldn't see at the time if

[appellant] had a firearm on him," Officer Weeks asked appellant, "[d]o you have a firearm on you." *Id.* Appellant did not respond verbally; rather, he placed his hands behind his back and nodded his head downward toward his waist. Officer Weeks interpreted this gesture as an indication that appellant had a firearm near his waist. After securing appellant's hands, Officer Weeks lifted appellant's shirt and observed a firearm tucked into the waistband of appellant's pants. The firearm was secured to appellant's pants by a clip. A portion of the clip was on the outside of appellant's pants; the firearm itself was on the inside of his pants. Officer Weeks removed the loaded firearm from appellant's waistband and placed him under arrest.

{¶ 3} On November 27, 2017, appellant was indicted on one count of carrying a concealed weapon ("CCW") in violation of R.C. 2923.12, a fourth-degree felony, and one count of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16, also a fourth-degree felony. The case was tried to a jury in October 2018. Prior to trial, the prosecution dismissed the improperly handling firearms in a motor vehicle count. Following deliberations, the jury returned a verdict finding appellant guilty of CCW.

{¶ 4} At a sentencing hearing held on March 10, 2020,[1] the trial court imposed a three-year term of community control. The trial court memorialized appellant's conviction and sentence in a judgment entry issued on March 11, 2020.

{¶ 5} Appellant timely appeals and advances one assignment of error for review:

> Defendant-appellant's conviction for carrying a concealed
> weapon is against the manifest weight of the evidence.

{¶ 6} In his sole assignment of error, appellant contends his CCW conviction was against the manifest weight of the evidence.[2] We disagree.

{¶ 7} In considering a claim that a jury verdict is against the manifest weight of the evidence, this court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving

---

[1] Sentencing was postponed several times due to appellant's indictment in Franklin C.P. No. 19CR-38 on new felony CCW and improperly handling firearms in a motor vehicle charges. In that case, at the March 10, 2020 hearing, appellant pled guilty to a reduced charge of first-degree misdemeanor CCW; the prosecution dismissed the improper handling charge. The trial court sentenced appellant to time served. The proceedings in Franklin C.P. No. 19CR-38 are not the subject of the present appeal.

[2] The trial court denied appellant's Crim.R. 29 motion for acquittal; appellant has not assigned trial court error with respect to that ruling.

conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Guice*, 10th Dist. No. 18AP-305, 2019-Ohio-1324, ¶ 23. "Further, '[t]he discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.' " *State v. Williams*, 10th Dist. No. 10AP-779, 2011-Ohio-4760, ¶ 20, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

{¶ 8}    " 'Unlike the standard of review for sufficiency of the evidence, "a reviewing court does not construe the evidence most strongly in favor of the prosecution when using a manifest-weight standard of review." ' " *Guice* at ¶ 24, quoting *Williams* at ¶ 21, quoting *State v. Woullard*, 158 Ohio App.3d 31, 2004-Ohio-3395, ¶ 81 (2d Dist.)   " 'A manifest weight of the evidence challenge "questions the believability of the evidence and asks a reviewing court to determine which of the competing inferences is more believable." ' " *Id.*, quoting *Williams* at ¶ 21, quoting *Woullard* at ¶ 81.   " 'However, an appellate court "may not substitute its judgment for that of the trier of fact on the issue of the credibility of the witnesses unless it is patently apparent that the factfinder lost its way." ' " *Id.*, quoting *Williams* at ¶ 21, quoting *Woullard* at ¶ 81.

{¶ 9}    Here, the jury found appellant guilty of CCW in violation of R.C. 2923.12(A)(2).   The former version of that statute,[3] applicable here, provides that "[n]o person shall knowingly carry or have, concealed on the person's person or concealed ready at hand, * * * [a] handgun other than a dangerous ordnance."   A violation of R.C. 2923.12(A)(2) is a felony of the fourth degree if the firearm was loaded or the offender had ammunition ready at hand.   *See* R.C. 2923.12(F)(1).   Appellant does not dispute that he knowingly carried a loaded, operable .45 caliber pistol in the waistband of his pants.   The only question is whether the handgun was "concealed" within the meaning of the statute.

{¶ 10}   "[A] weapon is concealed if it is so situated as not to be discernable by ordinary observation by those near enough to see it were it not concealed, who would come into contact with the possessor in the usual associations of life."   *State v. Pettit*, 20 Ohio App.2d 170, 173-74 (4th Dist.1969).   "[T]he evident purpose of R.C. 2923.12(A) is to ensure that anyone who comes into contact with a person who is armed with a deadly weapon will

---

[3] 2020 S.B. No. 140 amended R.C. 2923.12, effective April 12, 2021.   The amendment did not alter the definition of CCW set forth in R.C. 2923.12(A).

be aware of the fact that they are so armed. Thus aware, the individual can act with a heightened degree of prudence." *State v. Curry*, 2d Dist. No. 15705 (Nov. 15, 1996). Whether a weapon is carried so that ordinary observation would give notice of its presence is a question of fact to be resolved by the trier of fact. *State v. Coker*, 15 Ohio App.3d 97 (9th Dist.1984).

{¶ 11} Officer Weeks testified that when he approached appellant, he could not see if appellant had a firearm on him. Accordingly, he asked appellant if he was armed. He further testified that had he observed a firearm on appellant, he would have handled the situation differently: "we [he and Officer McDonald] would have probably put him at gunpoint, gave him loud verbal commands to * * * drop to his knees and * * * put his hands out to his side * * * so that we could secure that gun." (Oct. 23, 2018 Tr. at 109.) Officer Weeks further testified that even after appellant placed his hands behind his back and nodded downward toward his waist, he still could not see the firearm; he observed it only after he lifted appellant's shirt.

{¶ 12} Appellant challenges the credibility of Officer Weeks' testimony as to whether he observed the firearm prior to lifting appellant's shirt. Appellant bases his challenge on Officer Weeks' cross-examination testimony regarding a U-10 police report prepared in conjunction with the incident. Officer Weeks described a U-10 report as "a documentation of the arrest and everything that took place during the arrest." *Id.* at 113. He acknowledged the importance of preparing a detailed U-10 report close in time to an arrest.

{¶ 13} Officer Weeks testified that he reviewed the U-10 report prior to his testimony. Defense counsel questioned Officer Weeks about one sentence contained in the U-10 report which stated, "Officer Weeks then observed a firearm in [appellant's] waistband." *Id.* at 117. Officer Weeks confirmed that the U-10 report did not include any reference to him lifting appellant's shirt. However, he stated that he neither wrote nor signed the U-10 report; rather, his partner, Officer McDonald, both wrote and signed it. He conceded that the U-10 report would have been based on what he told Officer McDonald about the incident. He also acknowledged that at the time of the incident his cruiser dashboard video camera was not activated, and police body cameras had not yet been issued; thus, the interaction with appellant was not captured on video.

{¶ 14} Appellant asserts that the jury clearly lost its way in rendering a guilty verdict due to the unreliability of Officer Weeks' testimony that he observed the firearm only after

lifting appellant's shirt. Appellant contends that unreliability is demonstrated by Officer McDonald's failure to annotate this fact in the U-10 report. Appellant maintains that "the report mentions nothing about Weeks having not detected the presence of the firearm on [appellant's] person until he lifted up [appellant's] shirt. The absence of this information from the report---as noted it states instead 'Officer Weeks then observed a firearm in [appellant's] waistband'---indicates the gun was not concealed but rather its presence on [appellant's] person was immediately obvious to Mr. Weeks when he was informed by the crew that [appellant] had a gun, and when he approached [appellant]." (Appellant's Brief at 9.)

{¶ 15} Initially, we note that the statement contained in the report, i.e., that "Officer Weeks then observed a firearm in [appellant's] waistband" is not necessarily inconsistent with Officer Weeks' testimony. Indeed, the statement does not indicate when or how Officer Weeks observed the firearm; it is simply silent as to the circumstances leading to its discovery. The absence of information about lifting appellant's shirt does not, as appellant claims, establish that the firearm was not concealed but was immediately obvious to Officer Weeks when he approached appellant. As noted, Officer Weeks testified that Officer McDonald created the U-10 report for this incident; he further stated that he could not speak to why Officer McDonald omitted the detail about lifting appellant's shirt from the U-10 report. Defense counsel thoroughly cross-examined Officer Weeks and brought the omission to the attention of the jury. While the omission from the U-10 report may be a factor in assessing the credibility and reliability of Officer Weeks' testimony, it does not require that his testimony be summarily disbelieved.

{¶ 16} "In conducting a manifest weight of the evidence review [an appellate court] may consider the credibility of the witnesses." *State v. Kurtz*, 10th Dist. No. 17AP-382, 2018-Ohio-3942, ¶ 18, citing *State v. Cattledge*, 10th Dist. No. 10AP-105, 2010-Ohio-4953, ¶ 6. "Though appellate courts must sit as a 'thirteenth juror' when considering a manifest weight argument, it must also give great deference to the trier of fact's determination on the credibility of the witnesses." *Id.* at ¶ 31, citing *State v. Favor*, 10th Dist. No. 08AP-215, 2008-Ohio-5371, ¶ 10, citing *State v. Covington*, 10th Dist. No. 02AP-245, 2002-Ohio-7037. The trier of fact is in the best position to take into account inconsistences in the evidence, as well as the demeanor and manner of the witnesses, and to determine witness credibility. *Id.*, citing *State v. Williams*, 10th Dist. No. 02AP-35, 2002-Ohio-4503, ¶ 58.

{¶ 17} "The trier of fact is free to believe or disbelieve any or all of the testimony presented." *Kurtz* at ¶ 31, citing *State v. Jackson*, 10th Dist. No. 06AP-1267, 2008-Ohio-1277, ¶ 11. Accordingly, "[a] defendant is not entitled to reversal on manifest weight grounds merely because inconsistent evidence was offered at trial." *Favor* at ¶ 10, citing *State v. Campbell*, 10th Dist. No. 07AP-1001, 2008-Ohio-4831. "Neither is a conviction against the manifest weight of the evidence because the trier of fact believed the state's version of events over the defendant's version." *State v. Rankin*, 10th Dist. No. 10AP-1118, 2011-Ohio-5131, ¶ 29, citing *State v. Gale*, 10th Dist. No. 05AP-708, 2006-Ohio-1523, ¶ 19. "Mere disagreement over the credibility of witnesses is not a sufficient reason to reverse a judgment on manifest weight grounds." *State v. Harris*, 10th Dist. No. 13AP-770, 2014-Ohio-2501, ¶ 25, citing *State v. G.G.*, 10th Dist. No. 12AP-188, 2012-Ohio-5902, ¶ 7. The jury was in the best position to assess Officer Weeks' credibility and to resolve any alleged conflicts in the evidence. The jury obviously found credible Officer Weeks' testimony that he did not see the firearm until he raised appellant's shirt. The jury, as trier of fact, was entitled to believe this testimony despite the fact that such information was not included in the U-10 report. As Officer Weeks noted at trial, he did not prepare the U-10 report; Officer McDonald prepared it. We also note that the U-10 report was not introduced into evidence at trial and, as a result, is not part of the record on appeal. Accordingly, we do not know exactly what facts Officer McDonald included in the report. Appellant could have introduced the U-10 report, subpoenaed Officer McDonald to testify about the contents of the report, or both, but failed to do either.[4] Moreover, the jury was entitled to conclude that Officer Weeks would not have asked appellant if he had a firearm had he observed it at the time he approached appellant. The jury chose to believe Officer Weeks' testimony that he would have managed the situation differently had he observed appellant with a firearm when he approached him. We further note Officer Weeks' testimony that appellant was wearing a shirt that covered his waistband. A photograph of appellant depicting his attire following his arrest was admitted into evidence (State's Ex. D); the

---

[4] The record reveals that the prosecution issued subpoenas to Officers Weeks and McDonald for trial commencing on October 22, 2018. Prior to voir dire, the prosecution, noting that because those subpoenas went out "later than they should have," the officers "had some scheduling issues." (Oct. 22, 2018 Tr. at 9-10.) Ultimately, the prosecution opted to proceed with its case using only Officer Weeks' testimony. Indeed, the prosecution noted that following discussions with Officer McDonald, "his testimony is not really worth the wait." (Oct. 23, 2018 Tr. at 89.) Appellant did not seek a continuance for purposes of securing Officer McDonald's testimony.

photograph confirms Officer Weeks' testimony. The jury reasonably could believe that the shirt blocked Officer Weeks' view of both the clip and the firearm.

{¶ 18} After reviewing the entire record, weighing the evidence and all reasonable inferences, and considering Officer Weeks' credibility, we cannot find that in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that appellant's conviction must be reversed and a new trial ordered. Consequently, we conclude that the weight of the evidence supports the jury's guilty verdict and appellant's conviction for CCW was not against the manifest weight of the evidence. We thus overrule appellant's assignment of error.

{¶ 19} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN, P.J., and MENTEL, J., concur.

———————————