DECISION.
{¶ 1} Defendant-appellant Bennie McKenzie appeals his conviction for possession of cocaine.[1] After a jury found McKenzie guilty, the trial court sentenced him to six months in jail. We affirm.
 I. Baggie of Cocaine {¶ 2} At trial, Cincinnati police officer Colleen Deegan testified that on the evening of July 9, 2004, she was working with an undercover narcotics unit. The police were using a confidential informant to help make drug arrests.
 {¶ 3} Deegan and her partner observed the confidential informant drive around in his car. They then saw McKenzie get in the car with the informant, and the informant and McKenzie drove into an alley behind a strip mall. The informant soon drove out of the alley alone and motioned to the officers that there were two individuals still in the alley making a drug deal.
 {¶ 4} Deegan and her partner drove into the alley and shined bright lights on McKenzie and the other individual. Deegan testified that she saw McKenzie throw a baggie on the ground and then run away. Deegan's partner chased McKenzie and apprehended him. Deegan chased the other individual, but after about 30 seconds, she gave up the pursuit. She came back and picked up the baggie McKenzie had thrown to the ground. The baggie contained crack cocaine.
 {¶ 5} Cincinnati police officer G. Jonathan Gordon testified that when he arrived on the scene, McKenzie had been apprehended and was sitting on the ground. McKenzie had been shot with a Taser and had cuts on his face. Gordon chose not to question McKenzie then, but waited until he was taken to Jewish Hospital. At the hospital, Gordon read McKenzie his Miranda rights. Gordon testified that McKenzie appeared to understand his rights and agreed to talk to the police. McKenzie admitted that he had helped to facilitate a drug deal in the alley.
 {¶ 6} Cincinnati police officer Melissa Cummins, Gordon's partner, testified that she was with Gordon while he questioned McKenzie in the hospital. She testified that Gordon read McKenzie his Miranda rights and that McKenzie appeared to understand them. McKenzie told Cummins that he had a drug problem. He also told her that he would take people who were looking to buy drugs to a dealer, and that he would then receive a cut of the proceeds.
 {¶ 7} McKenzie testified in his own defense. He testified that he was walking down the street and accepted a ride from someone. McKenzie said that he was not sure that he knew the person, but then realized that he did. They drove into an alley, and the person giving McKenzie a ride got out to talk to another individual. McKenzie also got out of the car. While they were standing there, the police drove up.
 {¶ 8} McKenzie testified that he did not realize it was the police, and so he tried to run away. He denied throwing anything to the ground. The next thing he remembered was waking up in Jewish Hospital. McKenzie claimed that the police did not inform him of his Miranda rights, that he did not agree to make a statement to the police, and that he never did make a statement to the police.
 II. Motion to Suppress {¶ 9} Before trial, McKenzie moved to suppress the cocaine and any statements he had made to police. The court overruled the motions. In his first assignment of error, McKenzie argues that his motion to suppress his statements should have been granted.
 {¶ 10} Once a defendant challenges the admissibility of a statement he made during a custodial interrogation, the burden is on the state to prove three things: (1) that the defendant was given the Miranda warnings; (2) that the defendant then made an express statement to waive his Miranda rights; and (3) that the defendant voluntarily, knowingly, and intelligently waived those rights.[2]
 {¶ 11} When considering a ruling on a motion to suppress, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence.[3] But it then must independently determine, without deference to the trial court, whether the facts satisfy the applicable legal standard.[4]
 {¶ 12} At the suppression hearing, Officer Gordon testified that he read McKenzie his Miranda rights at the hospital and that McKenzie indicated he understood them. Gordon further testified that McKenzie never asked for an attorney and never indicated that he wanted to stop talking to the police.
 {¶ 13} In contrast, McKenzie testified that while he did remember seeing Officer Gordon at the hospital, he did not recall Gordon reading him his rights or asking him any questions. And McKenzie testified that he did not waive his rights or make any statements to the police.
 {¶ 14} The trial court found that the only evidence in the record indicated that McKenzie was advised of his rights, waived his rights, and voluntarily made a statement to the police. We conclude that there was competent, credible evidence to support the trial court's findings of fact, and that, under those facts, the trial court properly denied McKenzie's motion to suppress his statements.
 {¶ 15} Therefore, we overrule McKenzie's first assignment of error.
 III. Manifest Weight {¶ 16} In his second assignment of error, McKenzie argues that his conviction was against the manifest weight of the evidence.
 {¶ 17} A challenge to the weight of the evidence attacks the credibility of the evidence presented.[5] When evaluating a claim that a conviction was contrary to the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.[6] The discretionary power to reverse should be invoked only in exceptional cases "where the evidence weighs heavily against the conviction."[7]
 {¶ 18} Officer Deegan testified that McKenzie threw a baggie on the ground that was later determined to contain cocaine. Officer Gordon testified that McKenzie admitted that he had facilitated a drug deal in the alley.
 {¶ 19} While McKenzie denied that he threw anything on the ground and that he made any statements to the police, we conclude that the trier of fact did not lose its way in finding the police officers' testimony more credible than that of McKenzie or in finding McKenzie guilty of possession of cocaine.
 {¶ 20} Therefore, we overrule McKenzie's second assignment of error and affirm the trial court's judgment.
Judgment affirmed.
Gorman, P.J., and Sundermann, J., concur.
[1] R.C. 2925.11(A).
[2] See State v. Edwards (1976), 49 Ohio St.2d 31, 38,358 N.E.2d 1051, vacated on other grounds (1978), 438 U.S. 911,98 S.Ct. 3147.
[3] See State v. Burnside, 100 Ohio St.3d 152,2003-Ohio-5372, 797 N.E.2d 71, at ¶ 8.
[4] Id.
[5] See State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, 678 N.E.2d 541.
[6] See id.; State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717.
[7] See State v. Martin, supra.