DECISION. *Page 2 
{¶ 1} Defendant-appellant Gabriel Gordon appeals his convictions for having a weapon under disability[1] and possession of cocaine[2] in case number B-0503954, and for carrying a concealed weapon[3] and having a weapon under disability in case number B-0507911. If only he would have complied with the trial court's instructions to stay out of trouble while awaiting his sentencing hearing in case number B-0503954, Gordon would be out by now. Instead, he has a sentence of 13 years in prison. He must remain there — his assignments of error are without merit.
 I. The First Case {¶ 2} On May 2, 2005, Gordon was indicted for carrying a concealed weapon, having a weapon while under a disability, and possession of cocaine. Gordon and the state entered into an agreement where Gordon pleaded guilty to the weapon-under-disability and possession-of-cocaine charges, and the state dismissed the concealed-weapon charge. The agreed sentences were each one year for the two offenses, to run consecutively.
 {¶ 3} At the plea hearing on July 25, the trial court complied with Crim.R. 11 and accepted Gordon's plea. The trial court granted Gordon's request to continue the sentencing hearing so that he could earn some paychecks to buy his children clothes for the upcoming school year. The trial court warned Gordon that if he was arrested while out on bond, he would face six and a half years' incarceration — the maximum consecutive sentence for having a weapon while under a disability, a third-degree felony, and possession of cocaine, a fourth-degree felony. *Page 3 
 II. The Man Who Could Not Stay Out of Jail {¶ 4} Surely enough, Gordon could not keep himself out of trouble. On the day before Gordon was to return to court for sentencing, he was again arrested for carrying a concealed weapon and having a weapon while under a disability.
 {¶ 5} Cincinnati Police Officer Jason Rees was on foot patrol on August 8. About 10:00 p.m., Officer Rees was hiding with his partner behind two parked automobiles when he saw three men standing in front of 108 Green Street. One of the three men was showing an object in a bladed stance, which is to say that the object was being held at an angle so that it could not been seen by other people in the area. Because Officer Rees's suspicions were aroused, he approached the three men.
 {¶ 6} As Officer Rees moved closer, the man holding the object turned quickly and walked into the hallway of 108 Green Street. Because Officer Rees believed that the man was concealing a gun with his body, he pulled his weapon and ordered the man to show his hands. Officer Rees then saw the man making a throwing motion, saw a gun fall to the ground, and heard a clanking sound. After the man was arrested, a loaded and operable gun was recovered.
 {¶ 7} The man, of course, was Gordon. He claimed that he was only showing the two other men a bag of marijuana, but no marijuana was found at the scene. The only object found in Gordon's vicinity was the gun.
 {¶ 8} After a jury trial, Gordon was convicted of both carrying a concealed weapon and having a weapon while under a disability. For case number B-0507911, Gordon was sentenced to five years' incarceration for having a weapon while under a disability and to 18 months for carrying a concealed weapon, with the sentences to be served consecutively. And the one-year agreed sentences in case number B-0503954 were then rejected by the court, and Gordon was sentenced to five years for having a weapon while under a disability *Page 4 
and to 18 months for possession of cocaine. These consecutive sentences were also made consecutive to the sentence in case number B-0507911 for a total sentence of 13 years.
 {¶ 9} Gordon now appeals, arguing that (1) his trial counsel was ineffective; and (2) there was insufficient evidence to convict him, and the convictions were against the manifest weight of the evidence. Gordon's arguments are meritless.
 III. Alleged Ineffective Assistance of Counsel {¶ 10} In his first assignment of error, Gordon argues that he was denied the effective assistance of counsel because he was not advised to withdraw his guilty plea in case number B-0503954. Gordon contends that the court warned him at his plea hearing that if he failed to appear for sentencing or "got into trouble," the agreed sentences of one year would not be accepted by the court. After Gordon was charged in case number B-0507911, he contends, there was no reason to continue with the guilty plea since the trial court was likely to impose the maximum sentences.
 {¶ 11} Gordon also argues that, in case number B-057911, his trial counsel failed to (1) effectively cross-examine Officer Rees about what had created a reasonable suspicion of criminal activity; and (2) introduce photographs of the scene when a member of Gordon's family had brought them to his attention.
 {¶ 12} In Strickland v. Washington,[4] the United States Supreme Court enunciated the two-prong standard for evaluating claims of ineffective assistance of counsel. The defendant must show that counsel's representation fell below an objective standard of reasonableness, overcoming a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.[5]
And the defendant must show that counsel's performance prejudiced the defense so as to have deprived the defendant of a fair *Page 5 
trial.[6] To prove prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."[7]
 {¶ 13} In this case, Gordon claims that his trial counsel should have requested to withdraw his guilty plea. For Gordon to show that his trial counsel was ineffective in this respect, he must prove that he was prejudiced by his counsel's failure to do so. This is the point at which Gordon's argument fails — he needs to establish that his motion stood a reasonable probability of success.
 {¶ 14} Concerning case number B-0503954, there is not a reasonable probability that Gordon would have been successful in moving to withdraw his guilty plea. Gordon was given a full Crim.R. 11 colloquy and affirmatively waived his constitutional rights knowingly and intelligently by entering his guilty plea. And the facts illustrated that the police had approached Gordon because they knew he had an open warrant for his arrest, and that he had a loaded gun and 6.47 grams of crack cocaine in his possession. Because of the lack of probability of success on a Crim.R. 32.1 motion to withdraw the guilty plea, Gordon's counsel was not ineffective for failing to move for withdrawal of the plea. Even if the trial court had allowed Gordon to withdraw the plea, the overwhelming evidence would have resulted in his conviction anyway — withdrawing the plea would have been a vain act.
 {¶ 15} Gordon's arguments concerning case number B-0507911 are also without merit. Although Gordon contends that his trial counsel did not effectively impeach Officer Rees, a review of the record demonstrates that his trial counsel attempted to impeach Officer Rees about the visibility of the object in Gordon's hand. And Gordon's trial counsel also attempted to introduce the photographs of the scene. But because the photographs were (1) grainy, (2) taken six months after the incident, and (3) not taken at the same time of *Page 6 
day as the incident, the court ruled that the photographs were not probative and thus excluded them from evidence. Thus, there is no evidence that Gordon's trial counsel fell below an objective standard of reasonableness.
 {¶ 16} Gordon's first assignment of error is overruled.
 IV. Sufficiency and Weight of the Evidence {¶ 17} Gordon's second assignment of error claims that there was insufficient evidence to convict him, and that the convictions were against the manifest weight of the evidence. Gordon contends that Officer Rees could not have possibly seen him holding a black handgun. He maintains that it was dark when Officer Rees approached him, that he was huddled with two other men, and that he turned and walked away as soon as he saw Officer Rees move toward him.
 {¶ 18} When reviewing the sufficiency of the evidence to support a criminal conviction, we must examine the evidence admitted at trial in the light most favorable to the state. We must then determine whether that evidence could have convinced any rational trier of fact that the essential elements of the crime had been proved beyond a reasonable doubt.[8]
 {¶ 19} And a review of the manifest weight of the evidence puts the appellate court in the role of a "thirteenth juror."[9] We must review the entire record, weigh the evidence, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice.[10] A new trial should be granted only in exceptional cases where the evidence weighs heavily against conviction.[11] *Page 7 
 {¶ 20} Gordon was convicted of carrying a concealed weapon and having a weapon under disability in case number B-0507911. Under RC.2923.12(A), "No person shall knowingly carry or have, concealed on the person's person or concealed ready at hand, any of the following: (1) A deadly weapon other than a handgun; (2) A handgun other than a dangerous ordnance; [or] (3) A dangerous ordnance." A weapon is concealed if it is "so situated as not to be discernible by ordinary observation by those near enough to see it if it were not concealed."[12]
 {¶ 21} And the weapon-under-disability statute prohibits a person from acquiring, having, carrying, or using any firearm or dangerous ordnance if the person has been convicted of any offense involving the possession, use, sale, administration, distribution of, or trafficking in, any drug of abuse. Because Gordon was convicted in case number B-9908191 of possession of drugs, he was guilty of having a weapon while under a disability if there was sufficient evidence that he acquired, had, carried, or used a firearm.
 {¶ 22} The state only presented the testimony of Officer Rees. Officer Rees testified that he was on patrol on August 8 when he noticed three men standing near 108 Green Street. He stated that one of the men was showing an object to the other two men, and that he was going to great lengths to conceal it from others in the area. Officer Rees described what he saw by stating that the man was holding the object in a "bladed stance," so that only the two other men could view it. Officer Rees stated that this behavior had aroused his suspicions, and that he and his partner moved closer to see what was being shown.
 {¶ 23} When Officer Rees approached, the man with the object immediately began to flee from the officers, continuing to conceal the object by shielding it with his body. As he pursued the man, Officer Rees stated, he saw the man make a throwing motion, saw a gun fall to the ground, and heard a clank as the gun hit the concrete. Officer Rees and his *Page 8 
partner then arrested the man, Gordon, and searched the area. They came across a handgun several feet away.
 {¶ 24} Although Gordon maintained that he threw a bag of marijuana, no such evidence was found. Charles Duncan testified for Gordon that the gun was his, and that he had put it outside his door when he had left for the evening. And while the gun was registered to Duncan, the jury still found Gordon guilty of carrying a concealed weapon.
 {¶ 25} We conclude that a rational factfinder, viewing the evidence in a light most favorable to the state, could have found that the state had proved beyond a reasonable doubt that Gordon had committed the offenses of carrying a concealed weapon and having a weapon while under a disability. Officer Rees's testimony that Gordon was holding an object in a concealed manner, and that the object turned out to be a gun satisfied the elements of carrying a concealed weapon. Therefore, the evidence presented was legally sufficient to sustain Gordon's convictions.
 {¶ 26} And our review of the record does not persuade us that the jury clearly lost its way and created a manifest miscarriage of justice in finding Gordon guilty of carrying a concealed weapon and having a weapon while under a disability. Therefore, the convictions were not against the manifest weight of the evidence.
 {¶ 27} Accordingly, we overrule Gordon's assignments of error and affirm his convictions.
Judgment affirmed.
HiLDEBRANDT and WINKLER, JJ., concur.
RALPH WINKLER, retired, from the First Appellate District, sitting by assignment.
[1] R.C. 2923.13(A)(3).
[2] R.C. 2925.11(A).
[3] R.C. 2923.12(A).
[4] See Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052.
[5] Id. at 687-688.
[6] Id.
[7] Id. at 694.
[8] See State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[9] See State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541.
[10] Id., citing Tibbs v. Florida (1982), 457 U.S. 31, 42,102 S.Ct. 2211.
[11] Id.
[12] See State v. Pettit (1969), 20 Ohio App.2d 170, 174,252 N.E.2d 325. *Page 1