DECISION. *Page 2 
{¶ 1} Defendant-appellant Derrick Heard appeals his conviction for trafficking in cocaine.[1] We affirm Heard's conviction.
 I. The Arrest {¶ 2} Cincinnati police officers received information from a confidential informant that a drug dealer would be driving a maroon Ford Expedition near 728 Clark Street and would be making a sale to a buyer in a white Dodge Shadow.
 {¶ 3} Officers set up surveillance in the area. They saw a maroon Expedition and a white Shadow near 728 Clark Street. Heard, the driver of the Shadow, got into the Expedition. The Expedition driver drove around the block, and then Heard left the Expedition and returned to his Shadow. Police followed his car from 728 Clark Street, and a marked cruiser stopped the car several blocks away.
 {¶ 4} Heard told the officer who pulled him over that he was carrying cocaine in his pocket. Heard was immediately arrested. A search of Heard and his car revealed that Heard was carrying a total of 94.09 grams of powder cocaine. Heard also had a digital scale in his car, covered with cocaine residue, and $825 in cash. Heard was unemployed at the time of his arrest.
 {¶ 5} Heard was charged with trafficking in cocaine[2] and possession of cocaine.[3]
 II. Trial {¶ 6} Heard waived his right to a jury trial. At the bench trial, officers testified that a line of cocaine was generally .2 grams, and that 94 grams of cocaine *Page 3 
was "completely inconsistent" with personal use. But on cross-examination, the officers conceded that it was "possible" that someone might purchase this amount of cocaine for personal use only.
 {¶ 7} One officer testified that he told Heard that there were other ways to make a living. Heard responded that every time he got out of prison he got "right back into the same thing," and that this was the only thing he knew how to do.
 {¶ 8} The trial court found Heard guilty of both possession and trafficking and sentenced him to seven years in prison for trafficking and four years in prison for possession, to be served concurrently.
 III. Assignment of Error {¶ 9} Heard argues that the evidence was insufficient to support the trafficking conviction and that the trafficking conviction was against the manifest weight of the evidence.
 {¶ 10} Whether there was sufficient evidence to sustain a conviction is a legal question. The reviewing court, viewing the evidence in a light most favorable to the prosecution, must determine if a rational trier of fact could have believed that all elements of the crimes had been proved beyond a reasonable doubt.[4]
 {¶ 11} A challenge to the weight of the evidence attacks the credibility of the evidence.[5] A reviewing court should only reverse a conviction on the weight of the evidence if it finds that the "jury clearly lost its way," creating a miscarriage of justice.[6] A new trial should only be granted in exceptional cases, where the evidence weighs heavily against conviction.[7] *Page 4 
 {¶ 12} The state's case was strong. The evidence did not weigh heavily against conviction, and the trial court did not lose its way by finding Heard guilty.
 {¶ 13} Under R.C. 2925.03(A)(2), trafficking in cocaine occurs when a person "transport[s] * * * a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person." The term "sale" in this statute has the same meaning given in R.C.3719.01(AA)[8] and includes "delivery, barter, exchange, transfer, or gift, or offer thereof * * *."
 {¶ 14} Heard had been carrying over 94 grams of cocaine. Unless he had planned to use all 94 grams for himself, he was guilty of trafficking in cocaine — he transported the cocaine knowing that it would be sold or given to another person.
 {¶ 15} A police officer testified that an individual drug user would only use half a gram for "one night of good partying." The sheer quantity of cocaine that Heard had been carrying indicated that he had not planned to use the 94 grams for himself. And other factors bolstered this conclusion.
 {¶ 16} First, after being advised that there were other ways to make a living, Heard responded that every time he got out of prison, he got back into the same thing because this was the only thing he knew how to do. Although selling drugs was not mentioned in the conversation, it is clear that the officer and Heard were both referring to selling, rather than using, cocaine. The officer's remark referred to alternatives to selling drugs. Heard's response indicated that he sold drugs because he did not know how to do anything else.
 {¶ 17} Second, Heard had been driving around with a digital scale in his car. Heard argues that the scale could have been used to weigh his purchase to make sure *Page 5 
he had not been cheated. Perhaps. But the scale further strengthened the conclusion that Heard planned to sell the cocaine.
 {¶ 18} The evidence was sufficient to sustain the conviction. A rational trier of fact could have concluded that the state had proved beyond a reasonable doubt that Heard had transported cocaine, knowing that the cocaine was intended for sale. Further, the conviction was not against the manifest weight of the evidence. It was not a miscarriage of justice, and the evidence did not weigh heavily against the conviction.
 {¶ 19} For the foregoing reasons, we affirm Heard's conviction. Judgment affirmed.
SUNDERMANN and DINKELACKER, JJ., concur.
[1] R.C. 2925.03(A)(2).
[2] Id.
[3] R.C. 2925.11(A).
[4] State v. Gordon, 1st Dist. Nos. C-060234 and C-06024, 2007-Ohio-1177, ¶ 18.
[5] State v. McKenzie, 1st Dist. No. C-050221,2006-Ohio-2223, ¶ 17.
[6] State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717.
[7] Id.
[8] State v. Bridge, 3rd Dist. No. 1-06-30,2007-Ohio-1764, ¶ 26. *Page 1