OPINION
{¶ 1} Appellant, Hugh M. Favor III ("appellant"), filed this appeal from a judgment by the Franklin County Municipal Court convicting him of assault. For the reasons that follow, we affirm the trial court's judgment. *Page 2 
 {¶ 2} On September 27, 2007, Robert S. Coleman ("Coleman"), a professor with the Ohio State University Department of Chemistry and Chemical Studies, was walking on the university campus near the intersection of 18th and Neil Avenues. As Coleman walked across the street in or near a crosswalk, he saw a vehicle, which was being driven by appellant, approaching at a speed that he believed was approximately 40 to 45 m.p.h. Believing that the vehicle was not going to stop or slow down, Coleman stepped back and the vehicle narrowly avoided hitting him. Coleman testified that he placed his hand on the vehicle as it passed near him, while appellant testified that Coleman kicked the vehicle. Coleman yelled at appellant about yielding the right of way to pedestrians, and called him an asshole several times.
 {¶ 3} Appellant stopped his vehicle a short distance past the crosswalk and got out, yelling a number of obscenities at Coleman. The two continued to yell at each other as appellant approached Coleman. Appellant then pushed Coleman with both hands to the chest, hard enough to knock Coleman backward and leave bruises on Coleman's chest.
 {¶ 4} Coleman then called 911 on his cell phone. As he was speaking to the dispatcher, appellant, who had momentarily returned to his vehicle, approached Coleman again and began yelling in Coleman's face. Coleman testified that he placed one hand in the middle of appellant's chest in order to create some distance between them. Appellant disagreed with this description of what occurred, claiming that Coleman pushed or grabbed him around the throat. Appellant then punched Coleman in the side of the face, which lacerated Coleman's mouth and loosened a number of his teeth. *Page 3 
 {¶ 5} Keith Kirby ("Kirby"), a university employee, testified that he saw the incident. He testified that he saw appellant's vehicle nearly hit Coleman, and that after the vehicle stopped, Coleman fell forward onto the front of the vehicle. Kirby further testified that Coleman and appellant were screaming at each other at the front of appellant's vehicle, and that when appellant pushed Coleman, Coleman fell and slid on the ground. Kirby also testified that he saw Coleman push appellant away as Coleman was talking on his cell phone, and that he saw appellant punch Coleman.
 {¶ 6} Appellant got into his vehicle and drove around the block, where he testified that he contacted university police. A recording of appellant's call to the dispatcher was admitted into evidence. On that recording, appellant stated that Coleman had kicked his vehicle, that he had hit Coleman, and that Coleman was going to have to pay for the damage to his vehicle.
 {¶ 7} Appellant testified on his own behalf. He testified that he was only driving 20 to 25 m.p.h. when Coleman kicked his vehicle. Appellant denied touching Coleman until after Coleman pushed him, and testified that he punched Coleman because he feared for his own safety.
 {¶ 8} Appellant was charged with assault in violation of R.C. 2903.13(A). Appellant waived his right to a jury trial, and the case was tried to the court. After hearing the evidence, the court convicted appellant of assault, specifically finding that the testimony provided by Coleman and Kirby was credible. The trial court imposed a sentence of 180 days of incarceration, suspended the sentence for a period of probation, and imposed a fine of $350. Appellant filed this appeal, alleging two assignments of error: *Page 4 
 I. THE TRIAL COURT'S CONVICTION OF THE DEFENDANT-APPELLANT FOR ASSAULT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. THE TRIAL COURT ERRED IN FINDING THE DEFENDANT-APPELLANT GUILTY OF ASSAULT BECAUSE THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS DEFENDANT-APPELLANT PROVED BY A PREPONDERANCE OF THE EVIDENCE THAT HE WAS ACTING IN SELF-DEFENSE.
 {¶ 9} Appellant's assignments of error are interrelated, and will therefore be addressed together. In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a "thirteenth juror." Under this standard of review, the appellate court weighs the evidence in order to determine whether the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. However, in engaging in this weighing, the appellate court must bear in mind the fact finder's superior, first-hand perspective in judging the demeanor and credibility of witnesses. See State v. DeHass (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. The power to reverse on "manifest weight" grounds should only be used in exceptional circumstances, when "the evidence weighs heavily against the conviction." Thompkins, supra, at 387.
 {¶ 10} A defendant is not entitled to a reversal on manifest weight grounds merely because inconsistent evidence was offered at trial.State v. Campbell, Franklin App. No. 07AP-1001, 2008-Ohio-4831. The trier of fact is free to believe or disbelieve any or all of the testimony presented. State v. Jackson, Franklin App. No. 01AP-973, 2002-Ohio-1257. The trier of fact is in the best position to take into account the inconsistencies in the *Page 5 
evidence, as well as the demeanor and manner of the witnesses, and to determine which witnesses are more credible. State v. Williams, Franklin App. No. 02AP-35, 2002-Ohio-4503. Consequently, although appellate courts must sit as a "thirteenth juror" when considering a manifest weight argument, it must also give great deference to the trier of fact's determination on the credibility of the witnesses. State v.Covington, Franklin App. No. 02AP-245, 2002-Ohio-7037.
 {¶ 11} Appellant was convicted of assault in violation of R.C. 2903.13(A), which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to another * * *." Appellant argues that this conviction was against the manifest weight of the evidence based on inconsistencies in the testimony provided.
 {¶ 12} There were a number of disagreements in the testimony offered at trial. For example, Coleman testified that he placed his hand on appellant's vehicle as it passed him, Kirby testified that Coleman fell forward on the front of the vehicle after it stopped, and appellant testified that Coleman kicked the vehicle. There were also disagreements regarding appellant's actions immediately after he stopped, with both Kirby and Coleman agreeing that appellant pushed Coleman, but Kirby testifying that the push was hard enough to knock Coleman to the ground, while appellant denied pushing Coleman at all. In addition, while appellant testified that Coleman put his hands around appellant's neck area while pushing him away, both Coleman and Kirby testified that Coleman put his hand on appellant's chest while speaking into the phone he was holding in the other hand, and that this had no effect on appellant.
 {¶ 13} Appellant also points to a number of inconsistencies in Coleman's testimony to support his argument that his conviction was against the manifest weight of the *Page 6 
evidence. For example, Coleman gave differing statements regarding whether he was in, or simply near, the crosswalk at the time appellant drove by. Coleman also denied being irate, while also testifying that he yelled expletives at appellant.
 {¶ 14} The trial court, as the trier of fact, was in a position to consider these inconsistencies and how they reflected on the overall credibility of the various witnesses. Having reviewed the evidence, we cannot say that the trial court clearly lost its way in finding the testimony offered by Coleman and Kirby was more credible than that offered by appellant, and convicting him on the charge of assault based on that evidence.
 {¶ 15} The same is true regarding appellant's claim that he was acting in self-defense during the incident. In order to establish self-defense in the use of non-deadly force, a defendant must show: (1) that the defendant was not at fault in creating the situation; (2) that the defendant had reasonable grounds to believe and an honest belief, even if mistaken, that some force was necessary to defend against the imminent use of unlawful force; and (3) that the force used was not likely to result in great bodily harm. State v. Vance, Ashland App. No. 2007-COA-035, 2008-Ohio-4763.
 {¶ 16} As discussed above, Coleman and Kirby each testified that appellant pushed Coleman after getting out of the vehicle, while appellant denied pushing Coleman. The testimony that appellant pushed Coleman was supported by the photographs that were entered into evidence showing bruising on Coleman's chest. In addition, Coleman and Kirby each testified that Coleman put one hand on appellant's chest while he was talking on the phone before appellant punched him in the face, while appellant testified that Coleman put his hands around or near appellant's neck, and that he punched Coleman because he felt Coleman was trying to choke him. *Page 7 
 {¶ 17} Coleman and Kirby's testimony that appellant pushed Coleman immediately after exiting the vehicle negated appellant's claim that he was not at fault in creating the situation that gave rise to his use of force against Coleman. Furthermore, even without evidence that appellant created the situation by pushing Coleman, evidence that Coleman put his hand on appellant's chest would not support appellant's claim that he reasonably believed it was necessary to punch Coleman in the face in order to protect himself. We cannot say that the trial court, acting as trier of fact, lost its way when it found Coleman and Kirby's testimony more credible than appellant's on these issues, and rejected appellant's claim that he was acting in self-defense.
 {¶ 18} Consequently, both of appellant's assignments of error are overruled. Having overruled both of appellant's assignments of error, we affirm the judgment of the Franklin County Municipal Court.
Judgment affirmed.
 PETREE and KLATT, JJ., concur. *Page 1