[Cite as *Favor v. Ohio State Univ.*, 2010-Ohio-4971.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

HUGH M. FAVOR, III

     Plaintiff

     v.

THE OHIO STATE UNIVERSITY

     Defendant
     Case No. 2008-09937

Judge Alan C. Travis

<u>DECISION</u>

{¶ 1} On July 6, 2010, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B), and plaintiff filed a motion for partial summary judgment pursuant to Civ.R. 56(A) on his claims for assault and battery. On July 20, 2010, plaintiff filed a combined response and second motion for partial summary judgment on his claims for fraud and misrepresentation. On July 26, 2010, defendant filed a response to plaintiff's first motion for partial summary judgment. On August 27, 2010, the court conducted an oral hearing on the motions. On August 30, 2010, plaintiff filed a motion for leave to file a reply brief, instanter, which is GRANTED.

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from

the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶ 4} On September 27, 2007, Robert S. Coleman, a professor and vice chair in defendant's Department of Chemistry, left his office carrying a defective microphone that he sought to replace at the nearby classroom services building. As Coleman attempted to cross a street on the way to his destination, plaintiff, who was enrolled as a student with defendant, drove his vehicle through the crosswalk nearly striking Coleman. Plaintiff proceeded to park and exit his vehicle just beyond the crosswalk, whereupon he and Coleman exchanged words. Plaintiff approached Coleman and shoved him, at which time Coleman placed a 911 call using his mobile phone. According to Coleman, plaintiff continued to harass him while he spoke with the 911 dispatcher and he therefore placed his hand against plaintiff's chest as a defensive measure. However, according to plaintiff, Coleman grabbed his throat and threatened him. It is undisputed that plaintiff then punched Coleman in the face, drove to another location on defendant's campus, and placed a 911 call.

{¶ 5} An officer with defendant's police department, Douglas A. Cunningham, was dispatched to investigate the incident and, as a result of his investigation, Cunningham arrested plaintiff. Plaintiff was ultimately convicted of assault by the Franklin County Municipal Court for his role in the altercation, and his conviction was affirmed by the Tenth District Court of Appeals. See *State v. Favor*, Franklin App. No. 08AP-215, 2008-Ohio-5371. Plaintiff relates that as a further result of the altercation, defendant dismissed him from his course of study.

{¶ 6} Plaintiff brings this action for assault, battery, fraud, misrepresentation (which the court construes as a claim for fraudulent misrepresentation), false imprisonment, negligence, and intentional and negligent infliction of emotional distress. Plaintiff also sought a determination as to whether Coleman and Cunningham are entitled to civil immunity pursuant to R.C. 2743.02(F) and 9.86. The parties subsequently stipulated that Cunningham was entitled to civil immunity.

{¶ 7} On May 29, 2009, the court conducted an evidentiary hearing to determine

whether Coleman is entitled to civil immunity. On October 13, 2009, the court issued a decision finding that Coleman's act of placing his hand against plaintiff's chest was a reasonable measure of self-defense; that inasmuch as Coleman was furthering the interests of his employer his act of self-defense occurred within the scope of his employment; that there was no credible evidence that Coleman acted with malice, in bad faith, or in a wanton or reckless manner; and that Coleman was thus entitled to immunity pursuant to R.C. 2743.02(F) and 9.86. See *Favor v. Ohio State Univ.*, Ct. Cl. No. 2008-09937, 2009-Ohio-6062.

**{¶ 8}** Turning to plaintiff's claims for assault and battery, his complaint premises these claims upon allegations that Coleman initiated the altercation by grabbing his throat and threatening him, and that he thus punched Coleman "in self-defense." The court previously determined, however, in its decision of October 13, 2009, that "plaintiff's version of the events lacks credibility" and that "Coleman's act of placing his hand against plaintiff's chest was a reasonable measure of self-defense against plaintiff's aggression." Given that the court has thus found Coleman's actions to be a reasonable exercise of self-defense, defendant is relieved of liability in tort and plaintiff's claims for assault and battery must fail as a matter of law. See *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 124, 1997-Ohio-401.

**{¶ 9}** Furthermore, the allegation that Coleman initiated the altercation such that plaintiff punched him in self-defense was rejected by the trial court in his criminal case. The doctrine of collateral estoppel precludes plaintiff from re-litigating such issues in this court. See *Thompson v. Wing*, 70 Ohio St.3d 176, 183, 1994-Ohio-358; *Wloszek v. Weston, Hurd, Fallon, Paisley & Howley, LLP*, Cuyahoga App. No. 82412, 2004-Ohio-146, ¶40 ("A criminal conviction is conclusive proof and operates as an estoppel on defendants as to the facts supporting the conviction in a subsequent civil action").

**{¶ 10}** For his claim of false imprisonment, plaintiff alleges that Coleman and Cunningham "conspired to falsely arrest and unlawfully detain" him. False arrest or false imprisonment is also the gravamen of plaintiff's claims for fraud, fraudulent misrepresentation, negligence, and intentional and negligent infliction of emotional distress to the extent that these claims are based upon allegations that Cunningham improperly arrested plaintiff or that Coleman procured plaintiff's arrest by providing false statements to Cunningham. See *Hawkins v. McDonald's Restaurants of Ohio, Inc.* (Sept. 21, 1989), Montgomery App. No. 11369 ("Where a private citizen knowingly gives

a police officer false information which is a determining factor in the officer's determination to arrest the private citizen may be liable for false arrest and imprisonment"); *Eisnnicher v. Bob Evans Farms Rests.* (S.D.Ohio 2004), 310 F. Supp.2d 936, 957-958.

{¶ 11} Under Ohio law, however, "[a] guilty finding in a criminal proceeding, whether by trial or plea, constitutes an absolute defense to an action for false arrest or false imprisonment." *Espy v. Sears, Roebuck & Co.* (March 18, 1976), Franklin App. No. 75AP-551; see also *Carpenter v. Meade* (Mar. 3, 1994), Franklin App. No. 93APE09-1306; *Courtney v. Rice* (1988), 46 Ohio App.3d 133, 137. Accordingly, plaintiff's criminal conviction bars his claims for false imprisonment, as well as his other claims insofar as their true nature sounds in false arrest or false imprisonment.

{¶ 12} Furthermore, plaintiff's complaint fails to state a claim upon which relief can be granted as to his claims of fraud and fraudulent misrepresentation. The elements of fraud or fraudulent misrepresentation are as follows: 1) a representation or, where there is a duty to disclose, concealment of a fact; 2) which is material to the transaction at hand; 3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; 4) with the intent of misleading another into relying upon it; 5) justifiable reliance upon the representation or concealment; and 6) a resulting injury proximately caused by the reliance. *Martin v. Ohio State Univ. Found.* (2000), 139 Ohio App.3d 89, 98.

{¶ 13} Inasmuch as plaintiff does not allege that he relied upon a representation or concealment of a fact by Coleman, his complaint fails to state a claim for fraud or fraudulent misrepresentation. Furthermore, to the extent that plaintiff premises these claims upon mere allegations that Coleman offered perjured testimony at the trial of the criminal case, it is well-established that the giving of perjured testimony in a judicial proceeding is punishable under criminal statute, but does not give rise to a civil action for damages. *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶16.

{¶ 14} Plaintiff's claim for negligence must also fail to the extent that it too is premised, in part, upon the allegation that Coleman offered perjured testimony at the trial of the criminal case. Id. The other allegations comprising plaintiff's claim for negligence are that Cunningham improperly arrested him and that Coleman provided

false statements to Cunningham which led to the arrest; however, as previously stated, the true nature of such allegations sounds in false arrest or false imprisonment and the claim is thus barred by plaintiff's criminal conviction. See *Espy*, supra.

{¶ 15} Defendant is also entitled to summary judgment on plaintiff's claims for intentional and negligent infliction of emotional distress. Under Ohio law, the legitimate exercise of a legal right does not give rise to a claim for tortious infliction of emotional distress. See *Hanly v. Riverside Methodist Hospitals* (1991), 78 Ohio App.3d 73, 82; *Marki v. Marsh Supermarket* (Dec. 31, 1996), Hamilton App. No. C-960290. Inasmuch as Coleman's defense of himself and Cunningham's arrest of plaintiff were justifiable, reasonable minds can only conclude that such actions do not give rise to a claim for tortious infliction of emotional distress.

{¶ 16} Moreover, a plaintiff claiming tortious infliction of emotional distress must present some "guarantee of genuineness" in support of his claim, such as an expert opinion, or the testimony of lay witnesses who are acquainted with plaintiff to prevent summary judgment in favor of the defendant. *Powell v. Grant Med. Ctr.*, 148 Ohio App.3d 1, 6, 2002-Ohio-443. Plaintiff failed to present any such evidence to establish that he suffered the "severe and debilitating emotional distress" required of such claims. Id.

{¶ 17} Based upon the foregoing, the court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment shall be granted, plaintiff's motions for partial summary judgment shall be denied, and judgment shall be rendered in favor of defendant. All other pending motions are DENIED as moot.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

HUGH M. FAVOR, III

      Plaintiff

      v.

THE OHIO STATE UNIVERSITY

Defendant

Case No. 2008-09937

Judge Alan C. Travis

JUDGMENT ENTRY

An oral hearing was conducted in this case upon the parties' cross-motions for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED, plaintiff's motions for partial summary judgment are DENIED, and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
ALAN C. TRAVIS
Judge

cc:

Amy S. Brown                          Hugh M. Favor, Jr.
Randall W. Knutti                     4200 Regent Street, Suite 200
Assistant Attorneys General           Columbus, Ohio 43219
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

RCV/cmd
Filed September 23, 2010
To S.C. reporter October 12, 2010